GREGORY R. OXFORD (SBN 62333)
ISAACS CLOUSE CROSE & OXFORD LLP
21515 Hawthorne Boulevard, Suite 950
Torrance, California 90503
Telephone: (310) 316-1990
Facsimile: (310) 316-1330
goxford@icclawfirm.com

Attorneys for Defendant
General Motors LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| WILLIAM PARENTEAU, DAVID OLMEDO, and WENDY SMITH, individually, and on behalf of a class of similarly situated individuals,<br><br>Plaintiff,<br><br>vs.<br><br>GENERAL MOTORS, LLC,<br><br>Defendant. | Case No. CV14-04961-RGK (MANx)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>**[F.R.Civ.P. 8(a)(2), 9(b), 12(b)(6)]**<br><br>Hearing Date: May 11, 2015<br>Time: 9:00 a.m.<br><br>Courtroom 850 _____<br>Hon. R. Gary Klausner |

Defendant General Motors LLC ("GM") respectfully submits this memorandum in support of its motion for an order pursuant to Rules 8(a)(2), 9(b) and 12(b)(6), F.R.Civ.P., dismissing plaintiff Wendy Smith's First, Second and Third Causes of Action attempted to be stated in plaintiffs' Second Amended Complaint ("SAC") on the ground that they fail to state claims upon which relief can be granted.

# TABLE OF CONTENTS

**PRELIMINARY STATEMENT**                                                    1

**ARGUMENT**                                                                 1

**CONCLUSION**                                                               5

# TABLE OF AUTHORITIES

*Cases*                                                                 *Page(s)*

Eisen v. Porsche Cars North America, Inc.,

    2012 WL 841019 (C.D. Cal., Feb. 22, 2012)                              2

Herremans v. BMW of North America, LLC,

    2014 WL 5017843 (C.D. Cal., Oct. 3, 2014)                            2,3

Kearns v. Ford Motor Co.,

    567 F.3d 1120 (9th Cir. 2009)                                        1,2

Marolda v. Symantec Corp.,

    672 F. Supp. 2d 992 (N.D. Cal. 2009)                                 1,2

*Rules*

Fed. R. Civ. P. 9(b)                                                     1,2,4

## PRELIMINARY STATEMENT

Plaintiff Wendy Smith bought a pre-owned model year 2010 Chevrolet Equinox equipped with a 2.4 liter engine on July 13, 2013.  SAC, ¶¶ 24, 87.  She alleges that her vehicle formerly consumed an excessive amount of oil.  *Id*. ¶¶ 3, 91-96.  In February 2015, however, her dealer remedied the problem while the vehicle was still covered by GM's Limited New Vehicle Warranty by replacing all four pistons in her engine free-of-charge.  SAC, ¶ 97.  Nonetheless, she claims that GM knew about an alleged defect that caused excessive amounts of oil at the time she purchased her vehicle, had a legal duty to disclose it to her, but did not.

On March 5, 2015, this Court issued an order granting with leave to amend GM's motion to dismiss Ms. Smith's First, Second and Third Causes of Action (asserted in the First Amended Complaint) for failure to satisfy the particularized pleading requirements of Rule 9(b).

On March 20, 2015, plaintiffs filed their Second Amended Complaint.  It is virtually identical to its predecessor except for the addition of several additional allegations that attempt to cure the defects identified by the Court.  Because the new allegations do not cure those defects, Ms. Smith's First, Second and Third Causes of Action should now be dismissed without leave to amend.

## ARGUMENT

The Court in its March 5, 2015 order explained its reasons for dismissing Ms. Smith's First, Second and Third Causes of Action as follows:

Defendant asserts that Ms. Smith "does not allege any contact with GM prior to purchase that would have provided an occasion for GM to disclose its claimed knowledge of the defect to her." (Def.'s Reply 9:24-26.) In *Kearns v. Ford Motor Co.*, 567 F.3d 1120 (9th Cir. 2008), the Ninth Circuit held that claims for fraudulent nondisclosure "must be pleaded with particularity under Rule 9(b)." *Id.* at 1127. In *Marolda v. Symantec Corp.*, 672 F. Supp. 2d 992 (N.D. Cal. 2009), the court found

1

that following *Kearns*, "to plead the circumstances of omission with specificity, plaintiff must describe the content of the omission and where the omitted information should or could have been revealed, as well as provide representative samples of advertisements, offers, or other representations that plaintiff relied on to make her purchase and that failed to include the allegedly omitted information." *Id.* at 1002; *see also Eisen*, 2012 WL 841019, at *3 (quoting *Marolda*).

As Defendant points out, Ms. Smith does not allege any contact with Defendant (**as distinct from the dealer**) prior to purchasing her vehicle where omissions regarding the defect at issue should or could have been revealed. Nor does she allege with any degree of specificity **which advertisements, offers, or other representations she relied on that failed to include the omitted information**. While she alleges vaguely that she "was exposed to various types of information" (FAC ¶ 88), this does not satisfy the heightened pleading requirement of Rule 9(b).

Plaintiffs interpret Defendant's argument as pertaining to a deficiency in the allegations of reliance upon Defendant's omissions. (*See* Pls.' Objection to Def.'s Reply Br., ECF No. 28 at 2:11-14.) However, the above particularity requirement pertains first and foremost to allegations about the omissions themselves. One of the cases to which Plaintiffs cite makes this clear. In *Herremans v. BMW of North America, LLC*, before addressing the issue of reliance, the court first analyzed whether the plaintiff alleged a fraudulent omission or concealment with particularity. 14-02363-MMM, 2014 WL 5017843, at *9-10 (C.D. Cal. Oct. 3, 2014). *That* is the issue which Defendant appears to raise. The court in *Herreman* found that the plaintiff satisfied the "how" of the "who, what, why, and how" particularity analysis in part because the plaintiff alleged **that BMW made certain assurances to her** and the other

2

class members. *Id.* at 10. Ms. Smith does not allege *that she viewed or received a similar communication from Defendant*.

March 5, 2015 Order, p. 7 (italic emphasis in original; bold italic emphasis added).

The new allegations do not cure the deficiencies noted by the Court.  Ms. Smith still "does not allege *any* contact with [GM] (*as distinct from the dealer*) prior to purchasing her vehicle during where omissions regarding the defect at issue should or could have been revealed." *Id.* (emphasis added).  She still does not allege *any* "advertisements, offers, or other representations [by GM that] she relied on that failed to include the omitted information…." *Id.* And, unlike the Herremans case, she does not allege that the manufacturer (there BMW, here GM) as opposed to the dealer "made … assurances to her" that omitted disclosure of the alleged defect. *Id.*

Instead, Ms. Smith has added sparse material to just two paragraphs of her complaint that make allegations about what *the dealer* did and did not say to her.

First, she adds just one word to the allegations of paragraph 87, which states in full as follows:

> "On or about July 13, 2013, Ms. Smith purchased a Certified Pre-Owned 2010 Chevrolet Equinox equipped with a 2.4L engine from a **GM** dealer in Moreno Valley, California. At the time of purchase, the vehicle had approximately 38,543 miles on the odometer. Ms. Smith purchased this vehicle primarily for her personal, family, or household purposes. This vehicle was designed, manufactured, sold, distributed, advertised, marketed, and warranted by Defendant."

This is exactly the same as paragraph 87 of the First Amended Complaint except for the addition of the word "GM" (bolded above).  Merely identifying the independent dealer from whom Ms. Smith purchased her used vehicle as a "GM dealer" does not show that she had any contact with, or relied on any advertisements or statements by, GM itself (as opposed to the dealer).

Second, the allegations added to paragraph 88 exclusively concern statements, and materials shown to her, by dealership (not GM) representatives. Paragraph 88, with the newly added allegations bolded, states in full as follows:

> "Prior to purchasing the subject vehicle, **on or about July 13, 2013**, Ms. Smith was exposed to various types of information, including **speaking with GM dealer's sales representative about** the fact that the subject vehicle had undergone GM's certification program. **This** meant that the subject vehicle had been sold to her in good condition. **She also received and reviewed GM's Certified Pre-Owned 172-point inspection checklist for her vehicle, which did not** disclose that the subject vehicle suffer**ed** from the oil consumption engine defect alleged herein. **Additionally, the individual with whom Ms. Smith spoke spoke prior to purchasing the subject vehicle failed to disclose to her that the subject vehicles suffer from the oil consumption engine defect alleged herein.**"

This paragraph, too, alleges no contact whatsoever with nor any statement by GM, as opposed to the dealer. The dealership's sales representative told her that subject vehicle "had undergone GM's certification program" and gave her the Certified Pre-Owned 172-point inspection checklist *completed by the dealership*,[1] and did not disclose the alleged defect. Thus, there is still no factual basis for any claim – and Ms. Smith pointedly does not allege – that she received *any* "advertisements,

---

[1]  While Ms. Smith does not allege directly that the inspection checklist was prepared by the dealership, she also does not allege that GM had any role in inspecting her vehicle or in completing the checklist. She also has decided not to produce a copy of the checklist which presumably is in her possession and which would reveal the dealer's role in completing it. Under these circumstances, Ms. Smith's allegations do not provide a plausible factual basis for an allegation that she had any contact whatsoever with GM prior to purchasing her vehicle, or that GM made statements or representations to her before she did so. In this (her second) attempt to satisfy Rule 9(b) she has not even made a conclusory allegation to that effect, implicitly conceding that there is no factual basis for such a claim.

4

offers, or other representations [from GM that] she relied on that failed to include the omitted information." March 5, 2015 Order, p. 7.

## <u>CONCLUSION</u>

For all the foregoing reasons, GM respectfully urges that the Court grant its motion to dismiss in all respects.

DATED:  April 2, 2015          ISAACS CLOUSE CROSE & OXFORD LLP

*/s/ Gregory R. Oxford*

Attorneys for Defendant
General Motors LLC