# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM PARENTEAU, DAVID OLMEDO, and WENDY SMITH, individually, and on behalf of a class of similarly situated individuals,<br><br>    Plaintiffs,<br><br>    vs.<br><br>GENERAL MOTORS, LLC,<br><br>    Defendant. | Case No.: 14-cv-04961-RGK (MANx)<br><br>**PROTECTIVE ORDER** |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and based on the parties' Stipulation For Entry Of Protective Order Regarding Confidentiality Of Documents And Information ("Stipulation") filed on June 8, 2015, the terms of the protective order to which the parties have agreed are adopted as a protective order of this Court (which generally shall govern the pretrial phase of this action) except to the extent, as set forth below, that those terms have been substantively modified by the Court's amendment of paragraph 1 of, and Exhibit A to, the Stipulation.

AGREED TERMS OF THE PROTECTIVE ORDER AS ADOPTED AND MODIFIED BY THE COURT[1]

1. In connection with discovery proceedings in this Action, any party or other person may designate as "Confidential" any information, document or electronically stored information that such party or person (the "Designator") in good faith believes contains trade secrets, confidential research or proprietary financial, commercial or protected personal information ("Confidential Information") which could, if made publicly available, cause competitive harm to a party or personal harm to a natural person. **The designation of any information, document, or thing as "Confidential" or other designation(s) used by the parties, does not, in and of itself, create any entitlement to file such information, document, or thing, in whole or in part, under seal. Accordingly, reference to this Protective Order ("Order") or to the parties' designation of any information, document, or thing as "Confidential" or other designation(s) used by the parties, is wholly insufficient to warrant a filing under seal. In connection with non-dispositive motions, good cause must be shown to support a filing under seal.**

2. Confidential Information may be disclosed only to "Qualified Persons" (defined below) and used only in connection with this Action and any appeals of this Action, and for no other purpose. Any other use or disclosure of such documents, materials or information for any other purposes or otherwise, is in direct violation of this Order. All Qualified Persons receiving Confidential Information shall be bound by the terms hereof. If any person violates or threatens to violate any of the terms hereof, the aggrieved party may seek any appropriate relief.

---

[1] The Court's substantive modifications of the agreed terms of the Protective Order are generally indicated in bold typeface.

3. A Designator may designate documents which that Designator produces as Confidential Information by stamping each page containing Confidential Information with the legend "Confidential," or adding the legend "Confidential" electronically to electronically stored information, or otherwise designating such information and files or datasets containing such information as "Confidential." Confidential documents or information inadvertently produced by either party without the "Confidential" designation may be so designated upon reasonable written notice, and thereafter such documents or information shall be treated as Confidential unless otherwise agreed or directed by the Court.

4. In the event that deposition testimony contains the type of information described in Paragraph 1 above, the parties may designate such portions of deposition testimony "Confidential" by advising the court reporter and/or videographer on the record at the time such testimony is given, or within thirty (30) days after receipt of the transcript of the deposition, by notifying opposing counsel in writing of the page and line numbers of the testimony deemed "Confidential." Any testimony reading from, directly referencing, interpreting or discussing the contents of confidential documents is automatically deemed to be confidential, including any confidential documents used as deposition exhibits. Subject to the aforesaid terms, every deposition shall be treated as "Confidential" for at least a period of thirty (30) days after receipt of the transcript by all counsel.

5. Any party receiving Confidential Information may disclose or make available, by counsel of record, such information only to Qualified Persons. The term "Qualified Persons" includes only the following persons:

    a. the named parties to this action, counsel of record in this Action, or any employee or agent of such counsel, including vendors, who participates or assists in the prosecution or defense of this Action, provided that with respect to any vendors, the requirements of sub-section (d) of this Paragraph shall apply;

b. court reporters (including persons operating video recording equipment at depositions) and persons preparing transcripts of testimony to the extent necessary to prepare such transcripts;

c. potential, anticipated or actual deposition and trial fact witnesses, provided that prior to the disclosure to any such person of any Confidential Information, counsel for the party proposing to make such disclosure shall deliver a copy of this Order to such person, and shall explain to such person its terms and that he/she will be bound by it, and such person shall sign a written acknowledgment, in a form substantially similar to Exhibit A hereto, that the foregoing information has been conveyed to, understood and agreed by him/her;

d. any experts, advisors or consultants retained by any Party or its counsel to render assistance in this Action, provided that prior to the disclosure to such persons of any Confidential Information, counsel for the party proposing to make such disclosure shall deliver a copy of this Order to such person, and shall explain to such person its terms and that he/she will be bound by it, and such person shall sign a written acknowledgment, in a form substantially similar to Exhibit A hereto, that the foregoing information has been conveyed to, understood and agreed by him/her;

e. counsel for the party disclosing Confidential Information pursuant to this paragraph shall be responsible for maintaining the executed acknowledgments referenced herein.

6. All Qualified Persons who have received Confidential Information shall safeguard such information so as to avoid its disclosure to persons who are not Qualified Persons.

7. If a party challenges a "Confidential" designation as to any discovery material, the party shall first notify in writing the attorneys of record for the Designator and explain in writing the basis for the contention that the "Confidential" designation is inappropriate. The Designator shall respond by explaining in writing

1 the basis for the designation. Following an objection to a designation of material as
2 confidential, counsel shall promptly confer in an attempt to resolve this objection.
3 If the dispute is not resolved within twenty (20) days of the conference between
4 counsel, the Designator and challenging party shall comply with the procedures set
5 forth in Central District Local Rule 37 for resolving the dispute, including the filing
6 of a joint stipulation setting forth all issues in dispute, the first draft of which shall
7 be prepared by the Designator. Such filings shall be governed by the terms of this
8 Order, and any material that a party has designated as "Confidential" shall be treated
9 as confidential until the Court rules on the motion challenging that designation. The
10 Designator shall bear the burden of establishing that good cause exists for the
11 designation.

12     8. Any document that contains Confidential Information, or encloses
13 Confidential Information, or that refers to or quotes Confidential Information, or
14 that is otherwise designated by a party as "Confidential Information," if filed with
15 the court, shall be presented for filing under seal pursuant to the court's procedures
16 for filing documents under seal (including any applicable provisions of the court's
17 standing order), or, if no such procedures exist, pursuant to Civil Local Rule 79-5.

18     9. Upon the termination of this Action (whether by judgment, settlement
19 or otherwise), the attorneys for each party, and all Qualified Persons, who received
20 Confidential Information shall, within a reasonable period of time, at their option
21 either (a) return to each person who produced Confidential Information the originals
22 and all copies of the Confidential Information produced by such person or (b) (1)
23 destroy all Confidential Information (including all copies of Confidential
24 Information, (2) take all reasonable steps to ensure that all copies of electronically
25 stored Confidential Information have been deleted and (3) provide a certification of
26 compliance with this paragraph. Notwithstanding the foregoing, each counsel may
27 retain for its file one copy of his/her work product and of any documents filed with
28

1 the Court, provided such documents continue to be kept strictly confidential and
2 subject to the terms and conditions of the Stipulation and Order.

3     10. Neither the termination of this Action or any related proceedings nor
4 the termination of employment of any person who has had access to any
5 Confidential Information shall relieve such person of his or her obligations under
6 this Agreement.

7     11. This Court shall retain jurisdiction over all persons subject to this
8 Stipulation and Order after termination of this Action for the purpose of enforcing
9 this Stipulation and Order.

10     12. This Stipulation and Order may be executed in the forms or one or
11 more counterparts with the same force and effect as if all signatories had executed a
12 single copy of this Stipulation and Order.

14 Dated: August 3, 2015

*Margaret A. Nagle*
Margaret A. Nagle
United States Magistrate Judge

**Exhibit A**

I hereby certify as follows:

a. I have been provided with Confidential Information pursuant to the Protective Order entered into by the parties in *Parenteau, et al. v. General Motors, LLC*, No. 14-cv-04961-RGK (MANx), pending in United States District Court for the Central District of California.
b. Prior to receiving any Confidential Information, I was provided with a copy of said Protective Order, which I have read and understand.
c. I agree to be bound by and to comply with all terms of said Protective Order.

Dated:

_____
[Name]